The next case is United States v. Burke. The next case is United States v. Clark. You can proceed. Good morning, Your Honor. May it please the Court, My name is Clara Callhouse, and I'm here on behalf of James Burke today. At the outset, I did want to raise one concern about sealing. I know that there is a document in the record that remains sealed. The fact that the document exists is public record. I don't intend to refer to the contents of it unless asked to do so by the Court. We're familiar with the contents, and I was going to raise during arguments the question whether there's a need for this document to remain sealed at this juncture. But why don't we now proceed as if it's still under seal? If you feel no need to refer to the contents, we're all quite familiar with them. All right. Thank you, Your Honor. I believe the fact of the letter is sufficient for the purposes of the argument. Your Honors, I am here today asking the Court to remand this case for further proceedings, not because the 46-month sentence was unreasonable, not because the supervised release term was unreasonable even though it was the high end for a first offender, but because Mr. Burke was entitled to both actual justice and to the appearance of justice. And it's our argument that that latter, the appearance of justice, was violated in this case when the district court failed to hold a hearing. May I ask a question first about the further proceedings that you contemplate? You proceeded immediately then to talk about the sentence. You did not proceed to talk about the plea. So if you prevail and the case is remanded, are you suggesting that the plea should be vacated or only that the sentence should be vacated? I am not suggesting that Mr. Burke wants to take back the plea. I'm suggesting that he should possibly be offered an opportunity to reaffirm that decision to plead guilty in front of a different district judge. So you are asking that the plea as it exists be vacated and subject to the possibility that, or at least on Mr. Burke's option, that you are asking us to rule that he is entitled to have his plea back if he wants his plea back. I'm just trying to figure out what you're asking for. That's what you're asking for? That is correct, Your Honor. Okay. But I am not arguing that the plea itself was in violation of the law. I'm arguing that what happened even before the plea was taken, the failure to hold a hearing was the violation of the law that gives rise to the appeal. Well, Jim, your client had all the information he needed before the plea was entered to request such a hearing, didn't he? He did. I was not the counsel at that level of the matter. The letter was given to, correct me if I'm misremembering the record, but the letter was provided to your client before he entered his plea. I believe there was a four-day period during which the letter is dated February 22nd. The plea was entered February 26th. And then there was an eight-month period after he entered his plea. Yes. And during all that time, he could have alerted the district court, I have an issue. That is correct. But the law does not impose an obligation on the defendant to raise the issue. The issue is your position. Well, it does if you have to do it in time so as not to get a second bite at the apple. Right? That's the concern, that the defense counsel has the information, sits on it, waits to see what the sentence is, and then raises it. Unless your position is that based on the letter itself, this was a non-waiveable Let me ask you. Is your position that based on what's contained in the letter itself, that this is a non-waivable mandatory recusal? No. I think our position is that it was waivable, but that it was required to be waived on the record after a full hearing concerning the facts that were raised in the letter. And since that hearing didn't happen, we don't know the facts of what actually transpired. Well, wouldn't that be the situation if a district judge is aware of some fact that might lead to possible recusal and fails to disclose that fact fully to the parties, or particularly to the defendant in a case like this, then it would be very hard to say that it's on the defendant to unearth these facts and make motions and so on. But here, the only facts that are available are the facts in the letter, and everyone was aware of those facts. Now, if there were more facts that were needed in order to make a decision, why isn't it on the defendant to say, wait, this troubles me. I need more facts before I'm going to proceed. And if the district judge then said, I'm not going to give them to you, plead or don't plead, do what you want to do, but I'm not going to say anything more, that would be a very different situation. In other words, given what the defendant did know, why do we say, well, there could be more facts? Well, I guess there could be, but how do we know there is anything more at all than what was in the letter? We don't know, and the only person who does know or who would have known is the district judge. And because the statute imposes the duty to recuse on the judge and does not premise that duty on motion by the defendant, our argument is that the judge had a duty to raise the issue at the very least before proceeding with the plea hearing. Kagan. Let's say that the judge did, at the time of the plea, say I received this letter. Here are three additional facts that you should take into account for purposes of deciding what you want to do. I don't see any basis for recusal. Let me know if you disagree. No, Your Honor, we don't disagree. Mr. Defendant, have you had enough time to discuss this? We have. And then proceeds. And then down the road you want to say, well, but there could have been more facts and we didn't have a hearing. What is the requirement? Where are you getting the requirement that a hearing was necessitated without any request from the defendant? Well, Your Honor, I think that the situation that you've just set forth would have satisfied the hearing requirement. I think that if the fact of the letter's existence and some additional information from the district court had been placed on the record before the plea proceeding continued, and if with that information there had been a waiver, I don't think we'd be here today. I think that that would be fully sufficient. Something I don't recall really seeing in your brief is an explanation of why a reasonable observer, knowing the facts in the letter, would have concluded that the judge was biased against Mr. Burke. And I'm not going to ask you to make that argument now in view of the ceiling, but am I missing something? Is there some place in the brief where that is explicated? I don't believe that there is any detail about that point, Your Honor, and that's because the letter is what it is. Well, it is what it is. But hypothetically, assuming that there was some indication that a judge had been indiscreet or even committed some sort of impropriety or something that a judge should not have done, is it not in order for us to conclude that the recusal standard is met, not just that the judge made some sort of mistake or even did something wrong, but that that mistake or wrong would lead a reasonable person to think that the judge had some kind of bias or interest that was adverse to Mr. Burke? Isn't that what the standard ultimately is? It's some sort of bias or prejudice. It's not. I don't know. Well, all right. A prejudice for Mr. Burke. If a judge had said, you know, nobody knows this, but, you know, once upon a time I was a high school classmate of Burke, and I thought he was a great guy, that would certainly cause a reasonable person to have some doubts. But would Mr. Burke have a right to recusal under those circumstances? Your Honor, under a perfect system, I think that recusal would be required under those circumstances. And Mr. Burke would have standing to raise that? Yes. Yeah. But then wouldn't it still need to be the case that there was some sort of bias one way or the other or interest in the outcome or reason why the judge might favor one side or the other and not be impartial? That would be the necessary inference to draw. The reasonable person would think that based on the contents of the letter. Your Honor, the standard says that the judge shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned. Right. So we would have to conclude that there is a reason to question the impartiality of the judge. Yes, a reason that we don't know because all we have is the fact. No, no, no. There's a reason. We have these facts that based on those facts, a reasonable person would question the impartiality. That's what the issue is, isn't it? Based on those facts, a reasonable person would, yes, would question that there was something not quite kosher going on. And to go back to a question Judge Livingston raised at the outset, do you have any reason on Mr. Burke's side, on Mr. Burke's behalf, why this letter should remain sealed? No, I do not. We'll hear from the government. Good morning. May it please the Court, my name is John Durham, and I represent the United States, the appellee in this matter. Can you just address the sealing at the beginning? Because there's been a lapse of time. We like to unseal matters as they become no longer necessary to seal. So does the government have a position on that? Your Honor, at this point, I don't believe there's a continued basis for the sealing. We're discussing that before coming here to court. We're in an unusual fact pattern where the appeal is pending before this court. The judge who originally had the case unfortunately passed away. So there's a confusing mechanism in order to unseal it. But substantively, we have no objection to unsealing the letter at this point. Okay, so maybe your adversary, if she needs some additional time on rebuttal to address the contents of the letter, we're happy to afford it to her. In the future, it's helpful if we know these things before arguments. But thank you for alerting us now. Well, just to clarify one thing, when you say there's a confusing mechanism, are you suggesting that we don't have the authority just based on the fact that nobody wants it sealed anymore to unseal it? Is there something else that needs to happen or some reason why we don't have that authority? I'm not aware of any reason this Court couldn't unseal it. Just from our perspective, I think there was a question of whether we should go to the district court to unseal it or to go to this Court. And that's, frankly, that's on me. I'm sure Mr. James would know the answer to that question. But in any event, going to the substance of our argument, the government submits that the appellant's belated recusal claim should be rejected on two grounds. First, it's untimely, and this Court should find that it's waived. And second, it's legally and factually baseless and doesn't pass the plain error standard of review. With respect to the timeliness argument, I think it's significant that there are a number of things that are not in dispute. This Court has a well-developed body of case law which says that a recusal motion should be raised as soon as possible, and it should be raised in the district court. What that does, and I think this Court's decision in IBM is key on this point, it affords the district court an opportunity to address the claim on its merits before it continues to handle the case and make decisions on a case that will then be subjected to question later on. But it also avoids the defendant, or in this case the appellant, getting a second bite at the apple and essentially holding back an argument so when they get an adverse decision in the case, here, a sentence higher than the defendant would have liked, so they then raise this issue for the first time before the appellate court. Can I just ask, you rely on those cases and they are certainly relevant authority here. You don't, in your briefing, rely very much on the appeal waiver in this case, and I was just wondering why that is. Your Honor, initially the government had moved to dismiss the appeal on the basis of that appellate waiver. However, once the brief was finally filed and we reviewed it, it was the government's position that the plea agreement didn't specifically cover this issue so that we didn't move to dismiss. We actually withdrew our motion to dismiss on that basis. However, the appeal waiver is still relevant to this Court's consideration in terms of the timeliness and whether or not there was a waiver. It's undisputed that prior to the defendant pleading guilty, the government provided this letter and the information to the defendant and his counsel as well as the district court judge. After receiving that, the defendant continued with his desire to plead guilty, did plead guilty, and waived his right to appeal. Since there's not an in-court waiver with the defendant present, do we know from the record that the defendant himself was aware of the letter before the plea? Question one and question two. Before sentencing. Question three ever. And that's the difficulty here, Your Honor. When the defendant fails to raise the issue, we don't have a well-developed record for this Court to consider. The straight answer with you is yes, there is evidence of that, but it's not a part of the record because it wasn't raised in a timely fashion where we could have made that record. Well, if the defendant were to take the position that his counsel was ineffective by not advising him of the contents of the letter such that he never did see it and therefore was not in a position to make an intelligent judgment, that would be an ineffective assistance of counsel claim that could be raised in a 2255 application. That could be raised, Your Honor. But to Your Honor's point, there is evidence in this record that the defendant was aware of the letter as a whole. Judge Nathan's question about whether he was aware before the time of the plea may not be. However, as the Court will recall, there was a period of time where this defendant was not represented by counsel before this Court. He asked. He asked for the letter. Correct. There was pro se submissions where he requested a copy of the letter which was sealed. So that is clear evidence. The defendant was aware of the letter. He just didn't have a copy. That was after the plea but before the sentence. Is that right? Or later? That was after he had been sentenced. He was represented throughout the district court proceeding by a retained counsel. The retained counsel who represented him at sentencing withdrew when he filed the notice of appeal, and there was a period of time before appellate counsel was retained where he was pro se. And during that period of time when he was pro se, he made a request of this Court to get a copy of the February 22 letter. So at that point, he was certainly aware that there was such a letter or there was a letter. Right. But wouldn't that – that would still leave an ambiguity about whether he knew the contents of the letter before he received it. There would. And in terms of if this Court were to remand the case, the government would request it be remanded for the limited purpose of holding a hearing so that we could introduce evidence that would conclusively show that he was aware. Again, I mean, it seems to me that the question would have to – if his lawyer was aware of it, then it would seem to me there would need to be some kind of allegation at least or some kind of sworn statement by the defendant that his lawyer never showed him this, he never saw it, he never knew about it, which would raise a question about counsel's performance since I would assume that you'd agree that any lawyer should have shown this to his client and discussed with the client what the next step should be. I absolutely agree with that, Your Honor. But I think it's important here that that argument is not being made. It's not being made. I understand that. So that's what I'm just saying. When you say if we were to remand about that, I'm not sure what we'd be remanding about absent some reason to believe that the normal course had not been followed and that the counsel had failed to disclose this information that counsel was clearly aware of. Your Honor, that was probably my inartful way of just trying to highlight the difficulty because there is additional evidence that would be relevant to this Court's decision that is not a part of the record because the defendant failed to raise the question. Regarding the government's second half of the argument, the fact that this motion should be denied, I think Your Honor seized on the key question, is that there's no allegation or the defendant has failed to establish that even if a hearing had been held, that there is any proper basis for the district court to recuse itself. Obviously, there's case law that if a district court has a bias in a case, they should recuse itself. But it's equally important that the district court not recuse itself when there's no reason for it to. Here, the contents of the letter remain sealed, so I won't get into them, but I know Your Honors are familiar with them. There's nothing in those statements that would warrant Judge Wexler to have recused himself, innocuous statements, perhaps careless things he shouldn't have been speaking about outside of court. But there's nothing in there that reflects any biased hostility or prejudice in any way towards Mr. Burke. So there wouldn't have been a problem. Breyer, in the other direction, or in favor of Mr. Burke. Correct. They were what I would characterize as neutral statements where he opined possibly on the direction of the investigation, separate and apart from Mr. Burke. And we – and they would need to be either tending in his direction or against him in order for his impartiality – in order for the judge's impartiality to reasonably be questioned in this proceeding. Correct. I mean, the statements don't tend to favor Mr. Burke or to cast any aspersion on him. They're neutral with regard to Mr. Burke. I absolutely agree, which just highlights that there was no error by the district court not to recuse itself. And I'm almost out of time here, but one last point I want to make is the third prong of the plain error is key in this case as well. The defendant has failed to establish that any of his substantial rights or the outcome of the proceeding would have any way changed by the recusal. The defendant was sentenced within the advisory guideline range.  It's still less than what the government wanted. And I think it is significant that on appeal the defendant has not charged or is not alleged that the sentence was somehow substantively or procedurally unreasonable. Unless the Court has any other questions, we'll rely on our papers, and we would ask the Court to affirm the defendant's judgment and conviction. I'd like to address the issue of impartiality first. I would argue that it's not, in fact, the case that the comments made by the Court have to show any particular impartiality or partiality to or against Mr. Burke. In fact, there are cases in this circuit, citing cases in other circuits, in which the mere fact of public comment about a pending matter can raise a question. And in that case, statute 28 U.S.C. 455A requires disqualification. I'm referring specifically to In Re. Boston's Children's First, which is a case out of the First Circuit, 244 F. 3rd at 164. At 170 of that decision, the Court wrote that even ambiguous comments may create the appearance of impropriety that section 455A is designed to address. In fact, the very rarity of public statements and the ease with which they may be avoided make it more likely that a reasonable person will interpret such statements as evidence of bias. There's another case out of Oklahoma. And so the expression of avid interest in a matter and general speculation about what direction it might take, even though not particularly related to the parties before the Court, might suggest a reasonable basis to think that the judge has an interest one way or the other. That is correct. There's a similar case out of Oklahoma, the Tenth Circuit, in the Oklahoma City bombing trial. The judge's courtroom was affected by the bombing, and even though the judge had been completely impartial and shown no bias in any direction, the circuit required recusal based on the potential for public perception of some impropriety. So there are cases that do not require that there be an actual demonstrated statement of bias. About the waiver, I think that it would be convenient for the government if the case were dismissed on untimeliness grounds, but there are at least two cases in this circuit where this Court has considered the question of a motion or an appeal based on Statute 455A for the first time on appellate review. That's the Sturgis case and the Barreras case, which are both cited in our brief. So there was no motion that was required to be made by Mr. Burke at the district court level, and the statute, again, and the burden is on the Court to recuse absent a waiver. Finally, just very briefly, I know that there was this question about infective assistance of trial counsel raised. Such motions, as the Court is well aware, are generally not favored on appeal. So if the Court is inclined to dismiss this appeal, I would ask that it be without prejudice to raising this issue in connection with a potential 255 motion. Thank you. Thank you both.